Green J.
delivered the opinion of tbe court.
The bill in this cause alledges, that tbe defendant having purchased of Timothy Couch, his lands, lying in White county, for the sum of three hundred dollars, the complainant, though having no intimate knowledge of the lands, agreed with Sor-rell, to give him the same price, to wit, three hundred dollars, for the land purchased by him from Couch. This trade was made, relying on Sorrell, that he had not given too much for the lands. Sorrell then executed to complainant a bond for two small tracts, as tbe lands he had purchased from Couch— fraudulently leaving out a tract of fifty acres, and concealing from complainant the fact, that said fifty acres, constituted part of the said defendant’s purchase from Couch.
The complainant took the bond executed by Sorrell, relying on his faith, that it included all the land he had bought of Couch, and paid him one hundred dollars, and executed his two several notes for one hundred dollars each, the price agreed to be given for the whole of said land.
*373 Subsequently the complainant was informed by Couch, that the defendant had purchased, in addition to the two tracts described in the title bond, the fifty acres aforesaid. •
The answer denies the fraudulent concealment charged in the bill, and states, that the respondent repeatedly refused to sell the fifty acre tract to the complainant. The defendant also insists, that however culpable in morals, the concealment charged may be, it is not fraud in law, which a court of chancery can relieve against.
The deposition of Silas Norris, proves, that the witness was present at the time the trade was made between the parties; that Grissom proposed to give three hundred dollars for all the land Sorrell had bought of' Timothy Couch at that price, to which proposal Sorrell agreed, and the trade was made. Gris-som said, he had not looked at the land, but that he bought it on Sorrell’s judgment.
Other witnesses corroborate this testimony, so as to establish fully the allegation in the bill.
It was proved that Sorrell had purchased the fifty acre tract from Couch, with the other lands sold to complainant, giving for the whole the sum of three hundred dollars.
We are of opinion the facts charged, and proved in this case, constitute a fraud on the part of the defendant, that entitles the complainant to relief.
It is not as the defendant’s counsel contends, merely the assertion of a falsehood on the part of the defendant, as to the price he had given for the land he had sold the complainant.
If the complainant had purchased the two tracts described in the title bond, for three hundred dollars, upon his own judgment, that these lands were worth that sum, the fact, that the defendant falsely stated, that he had given Couch three hundred, when he had only given two hundred and fifty dollars— However reprehensible in morals, would not have afforded the complainant any relief here.
*374 But the facts of this case, are much stronger against the defendant, than the proposition above stated.
Here, the complainant purchased, relying on the judgment and good faith of the defendant — and he purchased all the lands the defendant had bought, for three hundred dollars, from Couch.
With this distinct verbal agreement, the defendant fraudulently omitted to insert the fifty acre tract in the bond; and by reason of the complainant’s want of acquaintance with the lands, was enabled to impose upon him the bond for the two tracts only, as being all the land purchased from Couch.
A more gross fraud, we think, could hardly be stated. The complainant is entitled to a decree for the value of the fifty acre tract.
Affirm the decree.